IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-CV-01377-CMA-MEH

NANCY L. HENDERLONG

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY

    Defendant.

___

**STIPULATED PROTECTIVE ORDER**
___

The parties, by and through their respective counsel, hereby submit this stipulated Protective Order for Allstate's proprietary and confidential Claim Policy Practices and Procedure Manual ("CPPP"), Claim Core Process Redesign Implementation Training Manual ("CCPR") and Colossus 7.0 User's Guide (the CPPP, CCPR, and Colossus 7.0 User's Guide are collectively referred to herein as "Protected Materials") which were sought by plaintiff in discovery in the above-captioned proceeding (the "Proceeding").

It has been agreed by and among the parties in the Proceeding, through their respective counsel, that a Protective Order preserving the confidentiality of the Protected Materials should be entered, and the Parties request that the Court hereby enter this stipulated Protective Order.

Accordingly, the Parties submit this Protective Order as follows:

I.    Plaintiffs are allowed to disclose Allstate's Protected Materials only to the following persons:

    a.    Attorneys, paralegals and stenographic and clerical employees in plaintiff's attorney's office; the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work in connection with the Proceeding;

    b.    any outside consultant, investigator or expert who is assisting plaintiff's counsel or a party to the proceeding and to whom it is necessary to disclose the Protected Materials for the purpose of assisting in, or consulting with respect to, the preparation of *this* Proceeding;

    c.    the Court and any members of its staff to whom it is necessary to disclose

    Protected Materials for the purpose of assisting the Court in this Proceeding;
  d. stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding;
  e. deponents, including their counsel, in this Proceeding;

II. Persons having knowledge of the Protected Materials by virtue of their participation in the conduct of the Proceeding shall use the Protected Materials only in connection with the prosecution, defense or appeal of the Proceeding. Said persons shall neither use the Protected Materials for any other purpose nor disclose the contents of the Protected Materials to any person who is not listed in Paragraph I of this Protective Order.

III. Counsel shall take all reasonable steps to ensure the security of the Protected Materials and will limit access to the Protected Materials to those persons listed in Paragraph I of this Protective Order.

IV. Except as agreed in writing by counsel of record, to the extent the Protected Materials are, in whole or in part, contained in, incorporated in, reflected in, described in or attached to any pleading, motion, memorandum, appendix or other judicial filing, counsel shall file that submission under seal and that document shall be designated and treated as a "Sealed Document." All Sealed Documents, filed under seal pursuant to this Protective Order, shall be filed in sealed envelopes and shall remain under seal until such time as this Court, or any court of competent jurisdiction, orders otherwise. Such Sealed Documents shall be identified with the caption of this action and shall bear the following statement which shall also appear on the sealed envelope:

## CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

  Contents hereof are confidential and are subject to a court-ordered protective order governing the use and dissemination of such contents.

The Clerk of the Court shall maintain such Sealed Documents separate from the public records in this action, intact and unopened except as otherwise directed by the Court. Such Sealed Documents shall be released by the Clerk of the Court only upon further order of the Court. The protection to be afforded the Protected Materials at trial of this Proceeding shall be addressed in the pre-trial order to be entered in this Proceeding.

V. Upon the conclusion of the Proceeding, including any appeals related thereto, any and all copies of the Protected Materials shall be returned within sixty (60) calendar days to defendant Allstate.

VI. If the Protected Materials are disclosed to any person other than in the manner authorized by this Protective Order, plaintiffs shall immediately upon learning of such disclosure inform Allstate of all pertinent facts relating to such disclosure and shall make every effort to prevent further disclosure by each unauthorized person who received such information.

VII. This Protective Order shall survive the termination of this Proceeding and continue in full force and effect.

Agreed and Stipulated this 29th day of December, 2008.

| | |
|---|---|
| s/ Kirk R. McCormick | s/ Heather A. Salg |
| Kirk R. McCormick, Esq. | Heather A. Salg |
| McCormick & Murphy, P.C. | Harris, Karstaedt, Jamison & Powers, P.C. |
| 318 South 8th Street | 188 Inverness Drive West, Suite 300 |
| Colorado Springs, CO 80905 | Englewood, Colorado 80112 |
| (719)389-0400 | (720) 875-9140 |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |

## **ORDER**

The preceding Stipulated Protective Order is approved, ordered and entered this 30th day of December, 2008. This Stipulated Protective Order may be modified by the Court at any time, for good cause shown, following notice to all parties and an opportunity for them to be heard.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge